UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re: Overby-Seawell Company Customer Data Security Breach Litigation | Case No. 1:23-md-03056-SDG |

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") [ECF No. 48]. Plaintiff Kathy Keefer, individually and on behalf of the proposed Settlement Class, and Fulton Bank, N.A. ("Defendant" or "Fulton") have entered into a Settlement Agreement and Release (the "Settlement Agreement") that settles claims against Fulton in the above-captioned litigation.

Ten putative class actions were filed in response to a cyberattack of Overby-Seawell Company's ("OSC") network systems (*Sheckard v. Overby-Seawell Co.*, No. 1:22-cv-03708; *Marlowe v. Overby-Seawell Co.*, No. 1:22-cv-03648-SDG; *Archer v. Overby-Seawell Co.*, No. 1:22-cv-03780-SDG; *Martin v. Keybank N.A.*, No. 1:23-cv-00505-SDG; *Samsel v. Overby-Seawell Co.*, No. 1:22-cv-03593-SDG; *Bozin v. Key Bank, N.A.*, No. 1:23-cv-00506-SDG; *West v. Overby-Seawell Co.*, No. 1:22-cv-03858-SDG; *Urciuoli v. KeyBank N.A.*, No, 1:23-cv-00507-SDG; Brouty v.

KeyBank N.A., No. 1:23-cv-00672-SDG; *West v. Overby-Seawell Co.*, No. 1:22-cv-03858-SDG; and *Pittman v. KeyBank N.A.*, No. 1:23-cv-00673-SDG). The various cases were transferred to and consolidated before this Court as *In Re: Overby-Seawell Company Customer Data Security Breach Litigation* under lead case no. 1:23-md-03056-SDG. *See, e.g.*, ECF No. 1, 20.

The *Sheckard* action was initiated on September 14, 2022. *See Sheckard v. Overby-Seawell Co.*, No. 1:22-cv-03708, ECF No. 1. On March 10, 2023, Plaintiffs in the *Sheckard* action sought leave to file Plaintiff's First Amended Complaint, which names Kathy Keefer as an additional plaintiff and removes Plaintiffs Scott and Margaret Sheckard. *Sheckard v. Overby-Seawell Co.*, No. 1:22-cv-03708, ECF No. 33. The Amended Complaint alleges that between May 26, 2022 and July 5, 2022, OSC was the target of a cyberattack perpetrated by an unauthorized third-party threat actor who gained access to OSC's network systems, including information about Fulton's customers (the "Data Incident"). This cyberattack may have impacted Plaintiff's and Class Members' personal information. *See First Amended Class Action Complaint* ("FAC" or "Amended Complaint"), ¶¶ 1–4. The personal data allegedly compromised in the Data Incident included Plaintiff's and Class members' names; Social Security numbers; mailing and collateral addresses; loan information

such as loan numbers, amounts, and maturity dates; insurance policy information; and phone numbers.

In the Amended Complaint, Plaintiff alleges five causes of action: (1) negligence, (2) negligence per se, (3) breach of implied contract, (4) unjust enrichment, and (6) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201–1 *et seq*. *See* FAC ¶¶ 51–98. Plaintiff alleges that Fulton and OSC failed to safeguard Plaintiff's and Class Members' personal data. *See id.* ¶ 5. Plaintiff also alleges that, as a result of the Data Incident, Plaintiff and Settlement Class Members suffered ascertainable losses, including (without limitation) a substantially increased risk of identity theft, improper disclosure of their PII, breach of confidentiality of their PII, deprivation of the value of their PII, lost time and money incurred to mitigate and remediate the effects of the Data Incident, including increased risks of identity theft they face and will continue to face, and overpayment for the services that were received without adequate data security. *See id.* ¶ 39. Plaintiff and the putative class seek monetary and equitable relief. Defendant Fulton denies the allegations in the Lawsuit, denies any allegation of wrongdoing on its part, and denies liability for Plaintiff and Class Members' claims.

After prolonged and serious arm-length settlement negotiations, the Parties reached a Settlement Agreement and Release (the "Settlement Agreement") that they consider fair, reasonable, and adequate, and in the best interests of all the Settlement Class Members.

WHEREAS, Plaintiff, on behalf of the proposed Settlement Class Members, having made a motion for an order preliminarily approving a settlement in accordance with the Settlement Agreement, executed on April 7, 2023, and attached as **Exhibit 1** to the Motion, which, together with the Exhibits attached thereto, set forth the terms and conditions for a proposed settlement; and the Court having read and considered the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.     Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

**The Settlement Class:** All persons who provided their personal data to Fulton Bank, N.A. and were notified that their personal data may have been impacted as a result of Overby-Seawell Company's cybersecurity incident that it discovered on or about July 5, 2022.

Excluded from the Settlement Class are: (1) Fulton's and OSC's officers and directors; (2) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (3) the Judges assigned to the Litigation and to evaluate the fairness, reasonableness, and adequacy of this settlement; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. The Settlement Class may include as many as 111,663 individuals—each, a "Settlement Class Member."

3. The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict

with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4. For the purposes of the settlement only, Plaintiff Kathy Keefer is preliminarily certified as the Class Representative.

5. The Court finds that Ben Barnow of Barnow & Associates, P.C., is experienced and adequate counsel and is hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4).

6. The Court preliminarily finds that the proposed settlement should be approved as: (a) the result of serious and extensive arm-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7. The Final Approval Hearing shall be held before this Court on **September 6, 2023 at 2:00 pm EST**, at the Richard B. Russell Federal Building and United States Courthouse, Northern District of Georgia, 2211 U.S. Courthouse, 75

Ted Turner Drive SW, Atlanta, GA 30303, Courtroom 1706. A zoom option to observe the hearing remotely will be noticed on the docket prior to the hearing as well. At this hearing, the Court will determine: (a) whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Judgment and Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the settlement; (d) whether Plaintiff and Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (f) a possible Service Award to the Class Representative. The Court will also hear any objections by Settlement Class Members to: (a) the settlement; (b) the award of attorneys' fees and costs to Class Counsel; (c) a potential Service Award to the Class Representative; and the Court will consider such other matters the Court deems appropriate.

8. The Court approves, as to form and content, the use of the Claim Form in a form substantially similar to the claim form attached as Exhibit A to the Settlement Agreement;

9. The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website, in a form substantially similar to the one attached as Exhibit B to the Settlement Agreement.

10. The Court approves as to form and content, the Short Form Notice (Postcard Notice) to be mailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit C to the Settlement Agreement.

11. The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement, attached as Exhibit 1 to the Motion: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the settlement and to apprise Settlement Class Members of their right to object to the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12. The firm KCC Class Action Services, LLC ("Claims Administrator") is hereby appointed as Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below.

13. No later than 21 days after entry of the Preliminary Approval Order (the "Notice Date"), the Claims Administrator will notify Settlement Class Members of the settlement with the Short Form Notices (Postcard Notices), substantially similar to the form attached to the Settlement Agreement as Exhibit C, by U.S. mail to all Settlement Class Members that Fulton has known addresses for. The Claims Administrator will establish and maintain a Settlement Website throughout the Claims Period, which will contain the Short Form Notices, the Long Form Notice, and the Claim Forms to either submit online or download and mail to the Claims Administrator before the Claims Deadline.

14. Settlement Class Members who wish to submit a claim in the settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the date that the Class Notice is sent to submit a claim— the "Claims Deadline."

15. The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance

with the preceding paragraph; (b) be accompanied by adequate supporting documentation, as required by and as specified in the Settlement Agreement; and (c) be complete and contain no deletions or modifications of any of the printed matter contained therein.

16. Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt-out) are barred from receiving any benefits under the Settlement Agreement and shall be bound by the Settlement Agreement, the Final Judgment and Order, and the Releases therein, unless otherwise ordered by the Court.

17. Settlement Class Members will have no later than 60 days from the date the Class Notice is issued to decide whether exclude themselves from the Settlement (the "Opt-Out Deadline"). Any Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the Claims Administrator at the address provided in the Class Notice. A written opt-out notice must include an individual signature and state the name, address, and phone number of the person seeking exclusion. A written opt-out notice must also clearly

manifest a person's intent to be excluded from the Settlement Class. To be effective, a written opt-out notice must be postmarked no later than 60 days from the date the Class Notice is issued, or any other date set by the Court. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of nor be bound by the terms of the Settlement Agreement.

18.   Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the date the Class Notice is issued, the Settlement Class Member files with the Court and serves Class Counsel and Fulton's Counsel with written objections that: (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's original signature; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection; and (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and to object to the Settlement Agreement, and the

Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.

19. All opening briefs and documents in support of any application by Plaintiff for a motion for attorney's fees, costs, and expenses, and possibly for a service award for Class Representative, shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiff shall file a Motion for Final Approval of the Class Action Settlement no later than 14 days prior to the Final Approval Hearing.

20. At or after the Final Approval Hearing, the Court shall determine whether any applications for a possible service award and for attorney's fees, costs, and expenses should be approved. The Court reserves the right to enter a Final Judgment and Order approving the Settlement regardless of whether it has awarded the service award, or attorney's fees, costs, and expenses.

21. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the settlement, shall be the responsibility of Fulton and shall be paid out of the Settlement Fund as set forth in the Settlement Agreement.

22. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Fulton of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

24. If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement *status quo ante*.

25. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings relating to Fulton Bank, N.A. in the Lawsuit other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

26. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Defendant to provide the Class Member Information to Settlement Administrator | 7 days after entry of Preliminary Approval Order |
| Notice Date | 21 days after entry of Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Costs, Expenses, and Service Award for the Class Representative | 14 days before the Opt-Out and Objection Deadlines |
| Opt-Out and Objection Deadlines | 60 days after Notice Date |
| Deadline for Parties to Respond to Objections | 14 Days after the Objection Deadline or Receipt of Any Timely Submitted Objection, whichever is later |
| Deadline for Class Members to Submit Claim Forms | 90 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | No less than 100 Days after the entry of this Order |

IT IS SO ORDERED.

Date: May 11, 2023

Steven D. Grimberg
United States District Court Judge