# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: Overby-Seawell Company Customer Data Security Breach Litigation | Case No. 1:23-md-03056-SDG |

## [PROPOSED] FINAL APPROVAL ORDER

Before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiff Kathy Keefer ("Plaintiff" or "Class Representative") and Defendant Fulton Bank, N.A. ("Defendant" or "Fulton") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiff's Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Approval Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate, and in the best interests of the Settlement Class Members;

**IT IS ON THIS** \_\_\_\_\_ **day of** _____, **2023,**

**ORDERED** that:

1. The settlement involves allegations in Plaintiff's Amended Class Action Complaint that Fulton failed to safeguard and protect the sensitive and personal data of Plaintiff and the Settlement Class Members.

2. The settlement does not constitute an admission of liability by Fulton, and the Court expressly does not make any finding of liability or wrongdoing by Fulton.

3. Unless otherwise noted, words spelled in this Final Approval Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On May 11, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiff as the Class Representative and Ben Barnow of Barnow and

Associates, P.C., as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

5. In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> **The Settlement Class:** All persons who provided their personal data to Fulton Bank, N.A. and were notified that their personal data may have been impacted as a result of Overby-Seawell Company's cybersecurity incident that it discovered on or about July 5, 2022.

Excluded from the Settlement Class are: (1) Fulton's and Overby-Seawell Company's ("OSC") officers and directors; (2) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (3) the Judges assigned to the Litigation and to evaluate the fairness, reasonableness, and adequacy of this settlement; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement, and certifies the Settlement Class as defined herein and in the Preliminary Approval

Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

7. The Court grants final approval to the appointment of Plaintiff Kathy Keefer as the Class Representative. The Court concludes that the Class Representative fairly and adequately represented the Settlement Class and will continue to do so.

8. The Court grants final approval to the appointment of Ben Barnow of Barnow and Associates, P.C. as Class Counsel. The Court concludes that Class Counsel has fairly and adequately represented the Settlement Class and will continue to do so.

9. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms to the Claims Administrator will receive 24 months of credit monitoring services free of charge.

    b. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms to the Claims

Administrator are eligible to receive compensation for up to 4.5 hours of lost time at $25.00 per hour.

c. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms with supporting documentation to the Claims Administrator are eligible to receive compensation for ordinary unreimbursed losses up to a total of $150.00.

d. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms with supporting documentation to the Claims Administrator are eligible to receive compensation for extraordinary unreimbursed losses up to a total of $5,000.00.

e. Settlement Class Members may, as an alternative to the compensation described above, elect to receive an Alternative Cash Payment (estimated to be $60) based on the amount remaining in the Settlement Fund following the distribution of funds from the Settlement Fund in accordance with the manner set forth in the Settlement Agreement.

      f. All costs of class notice and claims administration will be paid from the Settlement Fund in accordance with the Settlement Agreement.

      g. Fulton to pay the Court-approved attorneys' fees, costs, and expenses up to $187,500. This payment will be distributed from the Settlement Fund in accordance with the Settlement Agreement.

10. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

11. Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, and Expenses have been provided to Settlement Class Members as directed by this Court's orders.

12. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

13. As of the final date of time for opting out of the settlement, 16 Settlement Class Members have submitted a valid request to be excluded from the settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Approval Order, as set forth in the Settlement Agreement.

14. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Court has considered Class Counsel's motion for attorneys' fees, costs, and expenses. The Court awards Class Counsel the sum of $_____ as an award of attorneys' fees and $_____ as an award of costs and expenses, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. These payments shall be paid in accordance with the Settlement Agreement.

16. Pursuant to the Settlement Agreement, Fulton and the Claims Administrator shall implement the settlement in the manner and timeframe as set forth herein.

17.     As of the Effective Date, the Plaintiff named in the Settlement Agreement and Release and every Settlement Class Member (except those who timely opted out), will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees, costs, and expenses, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, are connected to, or relate in any way to the Data Incident, including such claims that were or could have been asserted in the Litigation.

18.     The Released Claims do not include any claims against OSC or related entities. Released Persons does not include OSC or its present and former parents, subsidiaries, divisions, departments, affiliates, employees, servants, members, providers, partners, principals, directors, shareholders, owners, predecessors, successors, assigns, and insurers, and each of the foregoing's former or present directors, trustees, officers, employees, representatives, agents, providers, consultants, advisors, attorneys, accountants, partners, vendors, customers, insurers, reinsurers, and subrogees.

19. Plaintiff and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. Plaintiff and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiff and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

20. Notwithstanding Paragraphs 17, 18, and 19, *supra*, the Parties expressly agree and acknowledge that the Release negotiated in the Settlement Agreement

shall not apply to any litigation or claim not related to or arising out of the Data Incident.

21. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

22. Released Claims shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Settlement Class.

23. The matter is hereby dismissed with prejudice and without costs as to Plaintiff Kathy Keefer's claims against Defendant Fulton Bank, N.A. except that the Court reserves jurisdiction over the consummation and enforcement of the settlement. This Order does not affect any Plaintiff's claims against Defendant Overby-Seawell Company or any other Defendant that is not Fulton Bank, N.A.

24. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

**IT IS SO ORDERED**.

Date: _____     _____
                                        Judge, Steven D. Grimberg

# **EXHIBIT A**

| Number | First Name | Last Name |
|:---:|:---:|:---:|
| 1 | Janet | Costante |
| 2 | Joshua R | Freedman |
| 3 | Deborah H | Grube |
| 4 | Jere W | Grube |
| 5 | Carol A | Levan |
| 6 | J Barry | Levan |
| 7 | James E | Lingg |
| 8 | Shari B | Lingg |
| 9 | Gerald | Peter |
| 10 | Susan A | Peter |
| 11 | Elizabeth A | Reynolds |
| 12 | David C | Reynolds |
| 13 | Dyan S | Risser |
| 14 | Jeffrey E | Risser |
| 15 | Stephanie | Rodriguez |
| 16 | Karen M | Walter |