# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

In re Overby-Seawell Company
Customer Data Security Breach
Litigation

Case No. 1:23-md-03056-SDG

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between (a) Plaintiffs Mariann Archer, Mark Samsel, Tim Marlowe, Melissa Urciuoli, James Urciuoli, Patrick Reddy, Jacint "Jay" Pittman, Joseph John Turowski, Jr., Teresa Turowski, Melissa D. Kauffman, Lebertus Vanderwerff, Adrianne Khanolkar, Dhamendra "DK" Khanolkar, and Joynequa West ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); (b) Overby-Seawell Company ("OSC"); and (c) KeyBank National Association ("KeyBank") (OSC and KeyBank are referred to as "Defendants") (each of the foregoing a "Party" and, collectively, the "Parties"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted against Defendants and all other Released Parties in the above-captioned Action, and all related litigation, as set forth herein.

# I.  RECITALS

1.  Plaintiffs filed various civil actions against Defendants in connection with the Data Security Incident, which impacted certain Personal Information of customers of KeyBank, Fulton Bank, N.A. ("Fulton Bank"), and other lenders, as well as certain other individuals.

2.  Those various civil actions were ultimately consolidated into the Action.  On June 12, 2023, Plaintiffs filed the Consolidated Complaint in the Action.

3.  Defendants deny: (a) the allegations and all liability with respect to any and all facts and/or claims alleged in the Action; (b) that the class representatives in the Action and the classes they purport to represent have suffered any injury and/or damages; and (c) that the Action satisfies the requirements to be tried as a class action, whether under Federal Rule of Civil Procedure 23 or otherwise.

4.  The Parties recognize the expense and length of proceedings necessary to continue the litigation of the Action through further motion practice, discovery, trial, and any possible appeals. The Parties have taken into account the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto. The Parties determined the settlement set forth in this Agreement is in their respective best interests and the Agreement is fair, reasonable,

and adequate. The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

5.     It is the intention of the Parties to fully and finally resolve any and all claims that are, were, or could have been asserted against the Released Parties on the terms set forth herein.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

## II.     DEFINITIONS

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meaning specified below:

6.     **"Action"** shall mean the action captioned *In re Overby-Seawell Company Customer Data Security Breach Litigation*, Case No. 1:23–md–03056 SDG.  For the purpose of this agreement, the Action shall also be deemed to include all other litigation consolidated in that proceeding or otherwise arising out of the Data Security Incident.

7.     **"Administration and Notice Costs"** means all reasonable costs and expenses incurred by the Settlement Administrator in carrying out its duties under

this Agreement, including all costs and expenses incurred in connection with implementing and executing the Notice Plan.

8. **"Agreement"** means this Settlement Agreement and Release and all exhibits hereto.

9. **"Approved Claims"** shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator.

10. **"CAFA Notice"** means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), to be served upon the appropriate state official in each state where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

11. **"Claims Deadline"** shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as **90 days after the Notice Deadline.** The Claims Deadline shall be clearly set forth in the Notice and Claim Form.

12. **"Claim Form"** shall mean the form that Settlement Class Members may submit to obtain compensation under this Agreement, which is attached as **Exhibit A.**

13.	**"Class Counsel"** shall mean MaryBeth V. Gibson, Gibson Consumer Law Group, LLC and M. Anderson Berry, Clayeo C. Arnold, A Professional Corporation.

14.	**"Class List"** shall mean a list compiled by the Settlement Administrator that shall include a) all persons identified by OSC to be Settlement Class Members, and whose names and contact information is provided to the Settlement Administrator by OSC; b) the list generated by KeyBank containing the names and addresses of individuals qualifying as Settlement Class Members who were mailed notification by KeyBank of the Data Security Incident; and c) all persons previously identified as members of the Fulton Bank Settlement (the "Fulton Bank Subclass Members"), the list of which is in the possession of KCC Class Action Services, LLC ("KCC"), the designated Settlement Administrator for the Fulton Bank Settlement and for this Settlement.

15.	**"Consolidated Complaint"** shall mean the complaint filed by Plaintiffs against Defendants in the Action on June 12, 2023, asserting claims arising out of the Data Security Incident.

16.	**"Court"** shall mean the Honorable Steven. D. Grimberg, United States District Court of the Northern District of Georgia.

17. **"Data Security Incident"** means the cyberattack and data breach arising out of or related to the allegations or events described in the Consolidated Complaint filed in the Action.

18. **"Day(s)"** means calendar days, but does not include the day of the act, event, or default from which the designated period of time begins to run. Further and notwithstanding the above, when computing any period of time prescribed or allowed by this Agreement, "Days" includes the last day of the period unless it is a Saturday, a Sunday, or a federal or Georgia state legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal or Georgia state legal holiday.

19. "**Defendants' Counsel**" shall mean Wilson Elser Moskowitz Edelman & Dicker LLP for OSC and Debevoise & Plimpton LLP for KeyBank.

20. **"Effective Date"** shall mean the date when this Agreement becomes final, which is the latest of (i) the date upon which the time expires for seeking appellate review of the Final Approval Order and Judgment, or, (ii) if any appeal is filed, the date of receipt of an order by the highest appealable court affirming the Final Approval Order and Judgment without material change or dismissing or otherwise disposing of the appeal with prejudice.

21. **"Escrow Agent"** means Western Alliance Bank.

22.	**"Fee Award and Expenses"** shall mean the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel.

23.	**"Final Approval"** means entry of a Final Approval Order and Judgment.

24.	**"Final Approval Hearing"** shall mean the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving this Agreement and approving the Fee Award and Expenses.

25.	**"Final Approval Order and Judgment"** shall mean an order entered by the Court that:

    a.	Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

    b.	Finds that the Settlement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement consistent with all material provisions of the Agreement;

    c.	Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Agreement;

    d.	Approves the Release provided in Section XV and orders that, as of the Effective Date, the Released Claims will be released as to the Released Parties;

e.     Reserves jurisdiction over the Settlement and this Agreement; and

f.     Finds that there is no just reason for delay of entry of the Final Approval Order and Judgment with respect to the foregoing.

26.     **"Fulton Bank Settlement"** shall mean the settlement that was finally approved on September 8, 2023 (ECF 106) wherein Plaintiff Kathy Keefer served as class representative.

27.     **"Long Form Notice"** shall mean the detailed, long form notice that will be posted on the Settlement Website that will include robust details about the Settlement, the content of which will be substantially in the form attached as **Exhibit B.**

28.     **"Notice"** shall mean the direct notice of this proposed Settlement in accordance with Rule 23 of the Federal Rules of Civil Procedure, which is to be provided to Settlement Class Members substantially in the manner set forth in this Agreement and is consistent with the requirements of Due Process. Nothing in this Agreement shall be understood or construed to create any obligation on the part of Defendants to provide notice regarding the Data Security Incident to any person, except as set forth herein.

29.     **"Notice Deadline"** shall mean **45 days after the Court's entry of the Preliminary Approval Order**, which is the day by which Notice to the Settlement Class Members must be commenced.

30. **"Notice Plan"** means the notice program described in this Agreement.

31. **"Objection Deadline"** shall mean the date by which a written objection to this Agreement must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as **60 days after the Notice Deadline**, or such other date as ordered by the Court.

32. **"Opt-Out Deadline"** shall mean the last day on which a Settlement Class Member may postmark a request to be excluded from the Settlement Class to the Settlement Administrator, which shall be designated as **60 days after the Notice Deadline**, or such other date as ordered by the Court. Settlement Class Members' opt-out requests may also be referred to herein as a Request for Exclusion.

33. **"PII"** and **"Personal Information"** are interchangeable and together encompass any kind of non-public "personally identifiable information" and/or "personal information," with those terms defined broadly and to include any information the disclosure of which may give rise to a claim. For the purposes of this Agreement, this shall include, but is not limited to: names; full or partial social security numbers; mortgage property addresses; mortgage account numbers; mortgage account information; phone numbers; property information; home insurance policy numbers; and home insurance information; to the extent any of the foregoing, separately or in combination with other information, would meet the foregoing definition of PII and Personal Information.

34. **"Preliminary Approval Order"** shall mean the Court's Order preliminarily approving this Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice as set forth in this Agreement, which is attached as **Exhibit D**.

35. **"Released Claims"** shall mean any and all claims or causes of action of every kind and description, including but not limited to any claims or causes of action in law, contract, tort or equity, complaints, suits, or petitions, any allegations of wrongdoing, alleged violations of law, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, unjust enrichment, constructive trust, declaratory relief, damages, compensatory damages, consequential damages, penalties, exemplary damages, statutory damages, punitive damages, contract damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have, or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined in this Agreement) that were or could have been asserted or alleged arising out of the Data Security Incident or the same nucleus of operative facts as any of the claims alleged or asserted in the Action (including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued,

raised, or asserted in any pleading or court filing in the Action), or any related litigation, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. In addition, Released Claims includes but is not limited to any claim, cause of action, suit or demand for relief concerning: (1) the disclosure of the Settlement Class Members' Personal Information in the Data Security Incident; (2) Released Parties' maintenance of the Settlement Class Members' Personal Information as it relates to the Data Security Incident; (3) Released Parties' security policies and practices; (4) Released Parties' handling of the Data Security Incident, and/or (5) Released Parties' provision of notice to the Settlement Class Members following the Data Security Incident, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. The foregoing includes, but is not limited to, any claim, suit, or proceeding that could be brought under any general business law, deceptive trade practice act, unfair competition law, privacy law, or similar law or regulation, which includes but is not limited to: Georgia's Uniform Deceptive Trade Practices Act (Ga. Code Ann. §§ 10-1-370, et seq.); California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) and Consumer Privacy Act (Cal. Civ. Code § 1798.150); New York's General Business Law (N.Y. Gen. Bus. Law § 349); Oregon's Unfair Trade Practices Act (Or.

Rev. Stat. § 646.608(1)(e), (g) and (u), et seq.); Pennsylvania's Unfair Trade Practices Act (73 P.S. § 201-1 et seq.); Washington's Consumer Protection Act (RCW 19.86.010 et seq.).

36. **"Released Parties"** means OSC, Breckenridge IS, Inc., Breckenridge Insurance Group, Inc., Breckenridge Insurance Services, LLC, Steamboat Opportunity Partners, LLC, Steamboat IS, Inc., KeyBank, Fulton Bank, any other entity which provided Class Members' PII to OSC, and all of their respective past, present, and future (whether direct or indirect) parents, parent organizations, subsidiaries, divisions, departments, affiliates, employees, managers, officers, directors, owners, shareholders, members, partners, servants, agents, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the heirs, executors, predecessors, successors, and assigns of any of the foregoing.

37. **"Releasing Parties"** means each of the Settlement Class Representatives and Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns.

38. **"Remainder Funds"** means the funds, if any, that remain in the Settlement Fund after payment of costs of Financial Account Monitoring, CAFA Notice, Administration and Notice Costs, Fee Award and Expenses, claims for Reimbursement of Monetary Losses and Lost Time, California Statutory Payments,

and Alternative *Pro Rata* Cash Payments. The funds remaining in the Settlement Fund after the above payments have been made and the time for Settlement Class Members to cash and/or deposit checks has expired will be Remainder Funds. The Remainder Funds will be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipients of the *cy pres* distribution.

39. **"Settlement"** means the settlement reflected by this Agreement.

40. **"Settlement Administrator"** means the class action settlement administrator, KCC Class Action Services, LLC, which has been retained to carry out the Notice Plan and administer the claims and settlement fund distribution process.

41. **"Settlement Class"** means all individuals whose Personal Information was impacted by the Data Security Incident. There will be a Fulton Bank Settlement subclass that shall be defined as "All Settlement Class Members who provided their Personal Information to Fulton Bank and were notified that their Personal Information may have been impacted as a result of a Data Security Incident discovered on or about July 5, 2022 by Overby-Seawell Company" ("**Fulton Bank Subclass Members**"). Excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

42.    **"Settlement Class Member"** shall mean an individual who falls within the definition of the Settlement Class.

43.    **"Settlement Class Representatives"** shall mean Plaintiffs Mariann Archer, Mark Samsel, Tim Marlowe, Melissa Urciuoli, James Urciuoli, Patrick Reddy, Jacint "Jay" Pittman, Joseph John Turowski, Jr., Teresa Turowski, Mlissa D. Kauffman, Lebertus Vanderwerff, Adrianne Khanolkar, Dhamendra "DK" Khanolkar, and Joynequa West.

44.    **"Settlement Fund"** means the non-reversionary sum of six million dollars and zero cents ($6,000,000.00) to be paid by OSC's insurers as specified in this Agreement, including any interest accrued thereon after payment. The Settlement Fund will be established by the Settlement Administrator or Class Counsel at Western Alliance Bank pursuant to 26 C.F.R. § 1.468B-1.

45.    **"Settlement Website"** means the website the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, a downloadable version of a customary form of Short Form Notice, a customary form of Long Form Notice, a customary version of the Claim Form, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement,

instructions for how to object or opt-out of the settlement, the process and instructions for making claims, and the date, time and place of the Final Approval Hearing; this Agreement; Plaintiffs' motion for preliminary approval of the Settlement; the Preliminary Approval Order; and Class Counsel's motion for attorneys' fees and expenses. The Settlement Website shall also include a toll-free telephone number, email address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least 60 days after all Settlement Payments have been distributed.

46. **"Short Form Notice"** is the postcard notice that will be mailed to Settlement Class Members, the content of which will be substantially in the form attached as **Exhibit C.**

47. **"Taxes and Tax-Related Expenses"** means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Settlement Fund for any period while it is held in the Settlement Fund.

48. **"Unknown Claims"** means claims that could have been raised in the Action and that any of the Settlement Class Representatives or Settlement Class

Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, does not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the **Released Parties** or might affect his, her, or its decision to agree, object, or not to object to the Settlement.

## III.   CERTIFICATION OF THE SETTLEMENT CLASS

49.    For settlement purposes only, Plaintiffs request the Court certify the Settlement Class.

50.    Solely for the purpose of implementing this Agreement and effectuating the Settlement, Defendants agree to stipulate to the certification of the Settlement Class and will not oppose Plaintiffs' request for certification.

51.    If this Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then Defendants' stipulation will be withdrawn and deemed to be of no effect in this or any other proceeding.

## IV.   THE SETTLEMENT FUND

52.    OSC's insurers will make available the Settlement Fund, from which payment of Settlement Class Member claims, Administration and Notice Costs, CAFA notice, and the Fee Award and Expenses will be made. The Settlement Fund is the maximum amount Defendants shall be obligated to pay under this Settlement. The failure of OSC to make the funds available as called for in this Agreement will

be considered a material breach of the Agreement by OSC. The Settlement Fund will be used to fund the settlement provisions listed herein.

53.     Within **14 days** after the Preliminary Approval Order is entered, OSC's insurers will cause up to $100,000 to be released into the Settlement Fund. No payment for Administration and Notice Costs shall be made until 14 days after the Court enters the Preliminary Approval Order. OSC's insurers will cause the transfer of the remaining balance of the $6,000,000 into the Settlement Fund within 14 calendar days after the Effective Date. Notwithstanding the foregoing, in no event will the balance of the $6,000,000 be transferred into the Settlement Fund prior to 150 days after the Court's Preliminary Approval Order.

## V.     BENEFITS TO SETTLEMENT CLASS MEMBERS

54.     **<u>Financial Account Monitoring:</u>** All Settlement Class Members can submit a claim for identity theft protection and credit monitoring services as follows: three (3) years of three-bureau coverage with at least $1,000,000 of fraud/identity theft insurance. Settlement Class Members may use their code to enroll for a period of 12 months (meaning that a Class Member could enroll up to the end of the first year and have coverage for the full three (3) years). Such coverage and flexibility in enrollment will provide protection for Class Members against future identity theft. The three-year period will commence when Settlement Class Members use their codes to activate the Financial Account Monitoring.

55.     **Reimbursement of Monetary Losses:** The Parties will create a claims process through which Settlement Class Members can submit a claim form for reimbursement of documented monetary losses fairly traceable to the Data Security Incident up to $6,000 per individual ("Monetary Losses"). Monetary Losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Security Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Settlement Class Members with Monetary Losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Claims for Monetary Losses are subject to pro rata decrease based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Administration and Notice Costs, CAFA Notice, and costs of Financial Account Monitoring.

56. **Reimbursement for Lost Time:** Settlement Class Members with time spent remedying issues related to the Data Security Incident ("Lost Time") can submit a claim for reimbursement of $25 per hour with an attestation. Claims made for Lost Time are subject to a five (5) hour cap and are combined with reimbursement for Monetary Losses subject to the $6,000 aggregate individual cap and subject to a pro rata decrease based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Administration and Notice Costs, CAFA Notice, costs of Financial Account Monitoring, and claims for Reimbursement of Monetary Losses.

57. **California Statutory Payments:** Settlement Class Members who were residents of California from May 26, 2022 to the end of the claims period ("California Settlement Class Members") can submit a claim for payment of $100 for their statutory claims under the California Consumer Privacy Act ("California Statutory Payment"). The California Statutory Payment is an additional settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Monetary Losses and/or Lost Time or the Alternative *Pro Rata* Cash Payment, and is subject to a *pro rata* decrease based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Administration and Notice Costs, CAFA Notice, costs of Financial

Account Monitoring, and claims for Reimbursement of Monetary Losses and Lost Time.

58. **Alternative *Pro Rata* Cash Payment:** Settlement Class Members can submit a claim for an Alternative *Pro Rata* Cash Payment as an alternative to seeking reimbursement for Monetary Losses and/or Lost Time. The amount of this benefit shall be determined *pro rata* based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Administration and Notice Costs, CAFA Notice, costs of Financial Account Monitoring, claims for Reimbursement of Monetary Losses and Lost Time, and California Statutory Payments.

59. **Debit for Fulton Bank Subclass Members:** All Fulton Bank Subclass Members who participated in the Fulton Bank Settlement will be eligible to submit a claim in this Settlement. Any monetary amounts received by the Fulton Bank Subclass Members from the Fulton Bank Settlement shall reduce the benefits due to Fulton Bank Class Members in this Settlement. Also, Fulton Bank Subclass Members who claimed and were approved to receive Reimbursement of Monetary Losses and/or Lost Time in the Fulton Bank Settlement are not eligible for an Alternative *Pro Rata* Cash Payment in this Settlement, as the Alternative *Pro Rata* Cash Payment may only be selected in lieu of reimbursement for Monetary Losses and/or Lost Time.

60. **Remainder Funds** shall be distributed to a charitable organization jointly recommended by the Parties and approved by the Court.

61. **Business Practices Commitments:** Plaintiffs acknowledge receipt of and have verified the information contained therein of a declaration from OSC's Chief of Compliance attesting to enhanced data security procedures put in place subsequent to the Data Security Incident. None of the past or future costs associated with the development and implementation of these enhanced security procedures has been or will be paid by Plaintiffs and no portion of the Settlement Fund is to be used for this purpose.

## VI. SETTLEMENT ADMINISTRATION

62. Administration and Notice Costs will be paid from the Settlement Fund, including the costs of direct mail notice and reminder notice(s). The Settlement Administrator will file any necessary tax returns and pay all taxes required on behalf of the Settlement Fund and any such Taxes and Tax-Related Expenses will be included in the Administration and Notice Costs.

63. The Parties agree KCC will be the Settlement Administrator, who is charged with delivering sufficient notice (including direct notice) and administering the claims process. Within seven (7) days of an order directing Class Notice, OSC and Key Bank will provide the Class List to the Settlement Administrator, as called for in paragraph 14 herein. Should KCC be unable, unwilling or unavailable to serve

and/or continue serving as the Settlement Administrator, the Parties will jointly select a different qualified entity to serve as the Settlement Administrator.

64.     The Parties agree that the period for filing claims will be set at a date certain at no more than 90 days from the date that Notice is commenced to the Settlement Class. Class Notice will be commenced within 30 days following Defendants' delivery of information about individuals identified as Settlement Class Members to the Settlement Administrator.

65.     Within 10 days following the Court's entry of the Preliminary Approval Order and pursuant thereto, the Settlement Administrator, on behalf of Defendants, shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice by the Settlement Administrator shall be payable from the Settlement Fund.

66.     Defendants shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any

losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendants also shall have no obligation to communicate with Class Members and others regarding amounts paid under the Settlement.

## VII.   NOTICE TO SETTLEMENT CLASS MEMBERS

67.    The Parties agree that the following Notice Plan provides reasonable notice to the Settlement Class.

68.    Direct Notice shall be provided to Settlement Class Members by First Class U.S. Mail for Settlement Class Members for whom the Settlement Administrator has a valid address.

69.    OSC and KeyBank shall provide the Settlement Administrator with the names and last known addresses for the Settlement Class Members as specified in this Agreement. The Settlement Administrator will then, using the National Change of Address database maintained by the United States Postal Service, obtain updates, as needed, to the mailing addresses.

70.    The Settlement Administrator shall agree to maintain the confidentiality of the Class Lists and related information provided by Defendants, to implement appropriate safeguards to prevent unauthorized access to that data, and to use that data strictly for the business purpose of administering the Settlement. The Settlement

Administrator shall not provide the Class Lists or related information provided by Defendants to Class Counsel.

71.     Within **37 days** following entry of the Preliminary Approval Order, the Settlement Administrator shall mail the Postcard Notice and Claim Form to all Settlement Class Members.

72.     No later than **34 days** following entry of the Preliminary Approval Order, the Settlement Administrator shall create a dedicated Settlement Website that will inform Class Members of the terms of this Agreement, their rights, relevant dates and deadlines, and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Form Notice; (ii) the Short Form Notice; (iii) the Claim Form; (iv) the Preliminary Approval Order; (v) this Agreement; (vi) the Consolidated Complaint; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically.

73.     The Settlement Administrator shall establish a toll-free help line to provide Settlement Class Members with information about the settlement. The Settlement Administrator will provide copies of the Short Form Notice, Long Form Notice, and paper Claim Form, as well as this Agreement, upon request.

74.     Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court, an affidavit or declaration certifying compliance with the Court-approved Notice Plan.

## VIII.  OPT-OUT PROCEDURE

Each Settlement Class Member shall have the right to request exclusion from the Settlement, as provided for in the Preliminary Approval Order.

75.     The Short Form Notice shall inform each Settlement Class Member of his or her right to request exclusion from the Settlement Class and not be bound by this Agreement if, before the Opt-Out Deadline, the Settlement Class Member completes and mails a request for exclusion to the Settlement Administrator at the address set forth in the Short Form Notice.

76.     Valid Settlement Class Member Opt-Out Requests must (i) state a full name, address, and telephone number; (ii) contain the Settlement Class Member's original signature; and (iii) state the Settlement Class Member's intent to be excluded from the Settlement Class and Settlement.

77.     The Settlement Administrator shall promptly inform Class Counsel and Defendants' Counsel of all valid and timely submitted Opt-Out Requests.

78.     Opt-Out Members are ineligible to receive benefits or compensation under this Agreement and have no rights to object to the proposed Settlement or address the Court at the Final Approval Hearing.

79. An Opt-Out request that does not comply with these terms is hereby invalid.

## IX. OBJECTIONS TO THE SETTLEMENT

80. Any Settlement Class Member who wishes to object to the proposed Settlement must file with the Court a written objection(s) to the Settlement.

81. Each Objection must (i) set forth the Settlement Class Member's full name, current address, telephone number; (ii) contain the Settlement Class Member's original signature; (iii) state that the Settlement Class Member objects to the Settlement in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection; and (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

82. Objections must be filed with the Court and served on Class Counsel and Defendants' Counsel no later than **sixty (60) days** after the Notice Date (the "Objection Deadline"). The Objection Deadline shall be included in the Short Form and Long Form Notices.

83. Counsel for Plaintiffs and Defendants may respond to the Objections, if any, by means of a memorandum of law, filed and served prior to the Final Approval Hearing.

84. An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. If an objecting Settlement Class Member

intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendants' Counsel by the Objection Deadline.

85.     Any Settlement Class Member who fails to submit a timely Objection per the terms of this Agreement, the Long Form Notice, and as otherwise ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

## X.     ATTORNEYS' FEES, COSTS, AND EXPENSES

86.     The Fee Award and Expenses will be paid from the Settlement Fund.

87.     Plaintiffs may request a fee award of up to 1/3 of the gross Settlement Fund ($2,000,000.00) plus reimbursement of litigation expenses not to exceed $150,000.00 (together, the aforementioned "Fee Award and Expenses"). Class Counsel shall submit a motion for Fee Award and Expenses no later than 14 days before the Objection and Opt-Out Deadline.

88.     The Fee Award and Expenses awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund no later than **twenty-one (21) days** after the Effective Date. Payment will be made to accounts designated by Class Counsel who shall have sole discretion in allocating attorneys' fees and expenses.

## XI. NOTICES

89.    All notices (other than the Notice to class members) required by this Agreement shall be made in writing and communicated by First Class U.S. mail and email to the following individuals at the following addresses:

All notices to Class Counsel shall be sent to:

M. Anderson Berry
**Clayeo C. Arnold, APC**
865 Howe Ave.
Sacramento, CA 95825
aberry@justice4you.com

All notices to OSC shall be sent to:

Eric J. Sauter
Richard Boone
**Wilson Elser Moskowitz Edelman & Dicker LLP**
150 East 42nd Street
New York, NY 10017
eric.sauter@wilsonelser.com
richard.boone@wilsonelser.com

All notices to KeyBank shall be sent to:

Jim Pastore
**Debevoise & Plimpton LLP**
66 Hudson Blvd.
New York, NY 10001
jjpastore@debevoise.com

90.    Other than attorney-client communications or those otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of comments, Objections, Opt-Out Requests, or other

documents or filings received from a Settlement Class Member as a result of the Notice Plan.

## XII.   SETTLEMENT APPROVAL PROCESS

91.   As soon as practicable after the execution of this Agreement, the Settlement Class Representatives and Class Counsel shall submit this Agreement to the Court and file a motion for preliminary approval of the Settlement, requesting entry of a Preliminary Approval Order substantially in the form attached hereto as **Exhibit D**, requesting, among other things:

    a.  Certification of the Settlement Class for settlement purposes only;

    b.  Preliminary approval of this Agreement;

    c.  Appointment of MaryBeth V. Gibson, Gibson Consumer Law Group, LLC and M. Anderson Berry, Clayeo C. Arnold, A Professional Corporation, as Class Counsel.

    d.  Appointment of Mariann Archer, Mark Samsel, Tim Marlowe, Melissa Urciuoli, James Urciuoli, Patrick Reddy, Jacint "Jay" Pittman, Joseph John Turowski, Jr., Teresa Turowski, Melissa D. Kauffman, Lebertus Vanderwerff, Adrianne Khanolkar, Dhamendra "DK" Khanolkar, and Joynequa West as the Settlement Class Representatives;

    e.  Approval of the Notice Plan**;**

f.  Approval of a Short Form Notice substantially similar to the one attached hereto as **Exhibit C**;

g.  Approval of a Long Form Notice substantially similar to the one attached hereto as **Exhibit B**;

h.  Approval of a claim form substantially similar to the one attached hereto as **Exhibit A;** and

i.  Appointment of the Settlement Administrator.

j.  The Long Form Notice, Short Form Notice, and Claim Form shall be reviewed by the Settlement Administrator and may be revised as agreed by the Parties after submission to the Court with the motion for preliminary approval of the Settlement.

k.  After entry by the Court of a Preliminary Approval Order, and no later than fourteen (14) days before the Final Approval Hearing, the Settlement Class Representatives shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and Judgment, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

## XIII. FINAL APPROVAL HEARING

92.  The Parties will recommend the Final Approval Hearing be scheduled no earlier than **150** days after the entry of the Preliminary Approval Order.

93. Any Settlement Class Member who wishes to appear at the Final Approval hearing must mail to the Court or file a notice of appearance in the Action by the Objection Deadline, as well as take actions required in the Long Form Notice or as otherwise required by the Court.

94. The Parties shall ask the Court to enter a Final Approval Order and Judgment including the following provisions:

    a. A finding that the Notice Plan fully and accurately informs all Settlement Class Members entitled to notice of the material elements of the Settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with Fed. R. Civ. P. 23, the United States Constitution and any other applicable law;

    b. A finding that after proper notice to the Settlement Class Members, and after sufficient opportunity to object, no timely objections to this Settlement have been made, or a finding that all timely objections have been considered and denied;

    c. Approval of the Settlement, as set forth in this Agreement, as fair, reasonable, adequate, and in the best interests of the class, in all respects, finding that the Settlement is in good faith and ordering the

parties to perform the Settlement in accordance with the terms of this Agreement;

d. A finding that neither the Final Judgment, the Settlement, or the Agreement constitutes an admission of liability by the Parties;

e. A finding that the Releasing Parties shall have been deemed to fully and finally release, relinquish, and discharge the Released Parties from the Released Claims;

f. A finding that all Settlement Class Members who have not properly opted out of the Settlement Class are, following entry of Final Judgment, deemed to have fully and finally released, relinquished, or discharged the Released Parties from the Released Claims; and

g. If and when the Final Approval Order and Judgment is entered, the claims against Defendants in the Action shall be dismissed with prejudice.

## XIV. TERMINATION OF THIS AGREEMENT

95. Each Party shall have the right, but not the obligation, to void or rescind this Agreement if the Agreement is modified in any material respect by the District Court or by any other Court. This Agreement is expressly contingent on: (i) the execution of this Agreement; (ii) preliminary approval of the Settlement by the District Court; (iii) final approval of the Settlement by the District Court, which is

no longer subject to appeal; and (iv) the final, non-appealable dismissal of the litigation with prejudice.

## XV.   RELEASE

96.   Upon the Effective Date, and in consideration of the Settlement benefits described herein, the Releasing Parties shall be deemed to have fully, finally, and forever released, acquitted, and discharged the Released Parties from any and all Released Claims. This release expressly includes a Release by the Settlement Class Representatives and Settlement Class Members of OSC's insurers with respect to all obligations under any part of any insurance policy applicable to the Released Claims, and from any and all claims arising out of the investigation, handling, adjusting, defense, or settlement of the claim.

97.   The Released Claims include the release of Unknown Claims.

98.   Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States as regards the Released Claims.

99.   Specifically, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representatives and Settlement Class Members expressly and by operation of the Final Approval Order and Judgment shall have released any and

all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Agreement.

## XVI.  <u>NO ADMISSION OF LIABILITY</u>

100.  **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties and their representatives previously and no action taken by the Parties and their representatives in connection with the proceedings or negotiations connected with this Action or this Settlement Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or

defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

101. **No Use of Agreement**. Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendants in the Action or in any proceeding in any court, administrative agency, or other tribunal.

## XVII. MISCELLANEOUS PROVISIONS

102. <u>Further Steps.</u> The Parties agree that they each shall undertake any further required steps to effectuate the purposes and intent of this Agreement.

103. <u>Cooperation.</u> The Parties: (i) acknowledge that it is their intent to consummate this Agreement and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

104. <u>Contractual Agreement.</u> The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the

full and complete authority to execute this Agreement on behalf of the Party that he or she represents.

105. <u>Headings.</u> Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

106. <u>Integration.</u> This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

107. <u>Exhibits.</u> The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

108. <u>Drafting.</u> The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed

against any Party and any canon of contract interpretation to the contrary shall not be applied.

109. <u>Modification or Amendment.</u>  Before Final Approval of this Agreement is ordered by the Court, this Agreement may not be modified or amended, nor may any of its provisions waived, except by an express writing signed by the Parties who executed this Agreement, or their successors.  Following Final Approval of this Agreement, after all appeals have been exhausted in favor of the Final Approval and the time period to file such appeals has expired, this Agreement may not be modified or amended, nor may any of its provisions be waived, absent a Court Order. Notwithstanding the above, any Party unilaterally may change the notice designation that applies to that Party at any time.

110. <u>Waiver.</u> The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

111. <u>Severability.</u> Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it

valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

112.  Counterparts. The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  This Agreement may be executed using electronic signature technology (e.g., via DocuSign, Adobe Sign, or other electronic signature technology), and such signed electronic record shall be valid and as effective to bind the party so signing as a paper copy bearing such party's handwritten signature.

113.  Electronic Mail. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

114.  Successors and Assigns. The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto.

115.  Governing Law. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of Georgia, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

116. <u>Interpretation</u>. The following rules of interpretation shall apply to this Agreement:

    a. Definitions apply to the singular and plural forms of each term defined.

    b. Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    c. Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

117. <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and in the best interest of the Parties. The Parties have arrived at this Agreement as a result of extensive arms-length negotiations.

118. <u>Jurisdiction</u>. The Court shall retain exclusive jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain exclusive jurisdiction over all Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Agreement. The Court shall also retain exclusive jurisdiction over all questions and/or disputes related to the Notice and the

Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

119. <u>Failure to Opt Out.</u> From and after the entry of the Preliminary Approval Order, all Class Members who have not opted out are barred and enjoined from filing, commencing, continuing, prosecuting, intervening in, or participating as class members in any other suit, action, proceeding, case, controversy, or dispute in any jurisdiction against any or all of the Released Parties based on or relating to the Agreement or the matters, claims, or causes of action, or the facts and circumstances relating thereto in this Action, that are to be released upon entry of the Final Approval Order and Judgment pursuant to the Agreement, except as required by law or as required to effectuate this Agreement. Furthermore, all persons are enjoined from filing, commencing, prosecuting, litigating, or continuing a lawsuit in any jurisdiction on behalf of Settlement Class Members who have not timely excluded themselves, that is based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and in this Settlement Agreement.

120. <u>No Government Third-Party Rights or Beneficiaries.</u> No government agency or official (in their official capacity) can claim any rights under this Agreement.

121.   <u>No Collateral Attack</u>. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Final Approval Order and Judgment is entered.

122.   <u>Public Statements</u>. The Parties agree not to make disparaging statements to the press regarding the Data Security Incident, Action, Settlement or any Party or Released Parties. The Parties, with respect to this Action, while in Court and/or addressing the Court, may discuss the Settlement, the terms of the Settlement, any matter addressed in Plaintiffs' motion for preliminary approval or any other aspect of the Action as needed in order to further or enforce the Settlement.

123.   <u>Communications Regarding Settlement</u>: Any press release or website announcement issued by a party in connection with the Settlement, other than notices to Settlement Class Members required by law or by the Agreement, shall exclude reference to KeyBank, Fulton Bank, and/or any other individual or entity not named in the suit; and shall only include information contained in the Court's Final Approval Order.

**IN WITNESS WHEREOF**, the Parties have herby accepted and agreed to this Agreement.

**Class Counsel:**


 */s/ M. Anderson Berry*    Date:  April 10, 2024
M. Anderson Berry


*/s/ MaryBeth V. Gibson*    Date: April 10, 2024
MaryBeth V. Gibson


**KeyBank National Association's Counsel:**


*/s/ James Pastore*       Date: April 10, 2024
James Pastore


**Overby-Seawell's Counsel:**


_____  Date:  April 10, 2024
Eric J. Sauter

**SETTLEMENT TIMELINE**

| From Order Granting Preliminary Approval | |
|---|---|
| OSC will deposit $100,000 into the Qualified Settlement Fund | +14 days |
| Notice Date | +37 days |
| | |
| **From Notice Date** | |
| Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | +46 days |
| Objection Date | +60 days |
| Opt-Out Date | +60 days |
| Claims Deadline | +90 days |
| | |
| **Final Approval Hearing** | , 2024 (no less than +150 days) |
| Motion for Final Approval | -14 days |
| | |

# EXHIBIT A

# CLAIM FORM

**_In re Overby-Seawell Company Customer Data Security Breach Litigation_**
**Case No. 1:23-md-03056-SDG**
**United States District Court for the Northern District of Georgia**

**The DEADLINE to submit or mail this Claim Form is: XXXX, 2024**

## GENERAL INSTRUCTIONS

If your Personal Information ("PII") was impacted as a result of a Data Security Incident that was discovered by Overby-Seawell Company ("OSC") on or about July 5, 2022 ("Data Security Incident"), you are a Settlement Class Member. If you received a mailed notice about this class action settlement addressed to you, then the Settlement Administrator has already determined that you are a Settlement Class Member.

As a Settlement Class Member, you are eligible to receive three years of Financial Account Monitoring services. You are also eligible to claim (1) reimbursement for documented Monetary Losses (up to $6,000.00) and/or compensation for Lost Time (up to 5 hours at $25.00 per hour) **or** (2) an Alternative _Pro Rata_ Cash Payment in lieu of reimbursement for Monetary Losses and Lost Time. California residents from May 26, 2022 to the end of the claims period may claim an additional $100.

Class Members who previously received benefits from the Fulton Bank Settlement will have those benefits deducted from their valid and approved claims in this Settlement, to equalize the benefits available to all Class Members. Also, Class Members who previously received reimbursement for Monetary Losses and/or Lost Time in the Fulton Bank Settlement are not eligible for an Alternative _Pro Rata_ Cash Payment in this Settlement, as the Alternative _Pro Rata_ Cash Payment may only be selected in lieu of reimbursement for Monetary Losses and/or Lost Time.

## CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes before the Settlement benefits are issued, you must notify the Settlement Administrator.

First Name      M.I.    Last Name

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:      State:    Zip Code:

Telephone Number (Home)      Telephone Number (Mobile)

Email Address (Required for Credit Monitoring Services)

| Date of Birth (mm/dd/yyyy) | Class Member ID provided on front of mailed Class Notice (if known) |
|---|---|
| [ ][ ] / [ ][ ] / [ ][ ][ ][ ] | [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] |

## BENEFIT SELECTION

You may select (1) Financial Account Monitoring **AND** (2) compensation for documented Monetary Losses and/or Lost Time **OR** (3) an Alternative *Pro Rata* Cash Payment. California residents from May 26, 2022 to the end of the claims period may claim an additional $100.

### 1. FINANCIAL ACCOUNT MONITORING:

If you wish to receive three-years of three-bureau Financial Account Monitoring services, including identity theft protection and credit monitoring with at least $1,000,000 of fraud/identity theft insurance, check the box below, provide your email address in the space provided above, sign, and submit this Claim Form. Submitting this Claim Form will not automatically enroll you in Financial Account Monitoring services. To enroll, you must follow the instructions that will be sent to you using the email address you provided above after the Settlement is approved and becomes final.

[ ]  I would like to receive Financial Account Monitoring Services. I have provided my email address above.

### 2. COMPENSATION FOR MONETARY LOSSES AND LSOT TIME:

**In addition to claiming Financial Account Monitoring services, you may choose to claim either reimbursement for documented Monetary Losses and/or Lost Time OR an Alternative Pro Rata Cash Payment. You may only choose either Category 2 or Category 3 on this form.**

#### Documented Monetary Losses

Settlement Class Members may submit a claim for reimbursement for the following **documented** Monetary Losses fairly traceable to the Data Security Incident, not to exceed $6,000.00 per class member:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Out-of-pocket expenses incurred as a result of the data security Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | [ ][ ] / [ ][ ] / [ ][ ]  (mm/dd/yy) | $[ ][ ][ ][ ] . [ ][ ] |

**Examples of Supporting Third Party Documentation:** *Telephone bills and proof of payment, cell phone bills and proof of payment, gas receipts, postage receipts, bank account statements reflecting out-of-pocket expenses. Please note that these examples of reimbursable documented out-of-pocket losses are not meant to be exhaustive, but exemplary. You may submit claims for any documented out-of-pocket losses that you believe are reasonably related to the Data Security Incident or to mitigating the effects of the Data Security Incident.*

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Fees for credit reports, credit monitoring, or other identity theft insurance products purchased between May 26, 2022 through the close of the claims period ==XXXX==, 2024. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Invoices or statements reflecting payments for other monetary losses fairly traceable to the Data Security Incident.* | | |
| ○ Compensation for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Security Incident. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.* | | |
| ○ Other documented monetary losses. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** *Invoices or statements reflecting payments for other monetary losses fairly traceable to the Data Security Incident.* | | |

NOTE: You must include documentation supporting your claim for Monetary Losses. This can include receipts or other documentation not "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, **not** sufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

**Compensation for Lost Time**: If you wish to receive compensation for Lost Time, indicate the total number of hours you spent remedying issues related to the Data Security Incident, check the box below, sign, and submit this Claim Form. You may claim up to 5 hours payable at a rate of $25.00/per hour. Lost Time claimed shall be included in the $6,000.00 cap on Monetary Losses.

Total # Hours

☐

☐   I attest, swear, and affirm that I spent the amount of time noted in response to the Data Security Incident.

In the event that the aggregate value of all Approved Claims for Monetary Losses and Lost Time exceeds the Net Settlement Fund, then the value of such payments shall be reduced on a *pro rata* basis.

### 3.  ALTERNATIVE *PRO RATA* CASH PAYMENT

If you wish to receive an Alternative *Pro Rata* Cash Payment in lieu of payment for documented Monetary Losses and/or Lost Time, check the box below. The amount of the Alternative *Pro Rata* Cash Payment will depend on the amount of money remaining in the Settlement Fund following payments for Monetary Losses and Lost Time, California Statutory Payments, attorneys' fees, and other administrative expenses and costs.

☐   I would like to receive an Alternative *Pro Rata* Cash Payment

### 4.  CALIFORNIA STATUTORY PAYMENT

Settlement Class Members who were residents of California from May 26, 2022 to the end of the claims period ("California Settlement Class Members") can submit a claim for payment of $100 for their statutory claims under the California Consumer Privacy Act ("California Statutory Payment"). The California Statutory Payment is an additional settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Monetary Losses and/or Lost Time or the Alternative *Pro Rata* Cash Payment.  The California Statutory Payment is subject to a *pro rata* decrease depending on the amount of money remaining in the Settlement Fund following payments for Monetary Losses and Lost Time, attorneys' fees, and other administrative expenses.

If you qualify for and wish to receive the California Statutory Payment of $100, check the box below.

☐   I attest that I was a California resident during the relevant time period and would like to receive a $100 California Statutory Payment.

### 5.  PAYMENT OPTIONS

This Claim Form may be submitted online at www.XXXX.com or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. You may mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

XXXXXX

If you mail your Claim Form to the Settlement Administrator, a check will be mailed to the address you provided above. If you would like to receive an electronic payment, please submit your Claim Form online.

**SIGNATURE**

I swear and affirm that the foregoing is true and correct.

_____         _____
Signature                                                                              Date



EXHIBIT B

# Notice of Overby-Seawell Customer Data Security Breach Class Action Settlement

_____

**Your Personal Information may have been impacted in a Data Security Incident discovered by Overby-Seawell in July 2022 and you could be entitled to benefits from a class action settlement.**

A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.

**Please read this Notice carefully and completely.**
**Your legal rights are affected whether you act or don't act.**

## <u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>

- A Settlement has been proposed in a class action lawsuit against Overby-Seawell Company ("OSC") and KeyBank National Association ("KeyBank" and together with OSC "Defendants"). The Settlement resolves claims brought by customers impacted by a Data Security Incident discovered by OSC in July 2022, which may have impacted your Personal Information ("PII").

- You may be eligible to claim 3 years of financial account monitoring.

- You may be eligible to claim reimbursement for documented Monetary Losses and/or Lost Time spent dealing with the effects of the Data Security Incident (up to 5 hours at a rate of $25.00 per hour), up to a maximum of $6,000.00.

- You may be eligible to receive an Alternative *Pro Rata* Case Payment as an alternative to claiming reimbursement for Monetary Losses and/or Lost Time.

- California residents from May 26, 2022 to the end of the claims period may submit a claim for an additional $100.

- To receive a payment, you must complete and submit a Claim Form by the deadline.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| Summary of Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment or obtain credit monitoring. If you submit a Claim Form, you will give up the right to sue Defendants in a separate lawsuit about the legal claims this Settlement resolves. | Online or Postmarked by [DATE]. |
| **EXCLUDE YOURSELF BY OPTING OUT** | Get no payment or credit monitoring. Keep your right to file your own lawsuit against Defendants for the same claims resolved by this Settlement. | Postmarked by [DATE]. |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | Tell the Court the reasons why you do not believe the Settlement should be approved. You can also ask to speak to the Court at the hearing on [DATE] about the fairness of the Settlement, with or without your own attorney. If you object, you may still file a Claim Form, but you will give up the right to sue Defendants in a separate lawsuit about the legal claims this Settlement resolves. | Received by [DATE]. |
| **DO NOTHING** | Get no payment or credit monitoring and be bound by the terms of the Settlement. You will give up your right to sue Defendants and certain related parties for the claims this Settlement resolves. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement after any appeals are resolved.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................**5**

    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. What is a class action?
    4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ..................................................................**7**

    5. Who is in the settlement?
    6. Are there exceptions to being included?
    7. What should I do if I'm not sure whether I am included?

**THE SETTLEMENT BENEFITS**.....................................................................**8**

    8. What does the Settlement provide?
    9. What can I get from the Settlement?
    10. What am I giving up if I stay in the class?

**HOW TO GET A PAYMENT – MAKING A CLAIM** ............................................**9**

    11. How can I get a payment?
    12. How much will my payment be?
    13. When will I get my payment?

**THE LAWYERS REPRESENTING YOU** .........................................................**10**

    14. Do I have a lawyer in this case?
    15. Should I get my own lawyer?
    16. How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................**11**

    17. How do I get out of the Settlement?
    18. If I am a settlement class member and don't opt out, can I sue the Defendants for the same thing later?
    19. What happens if I opt out?

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** .........................**12**

    20. How do I tell the Court I don't like the settlement?
    21. What's the difference between objecting and opting out?

**THE COURT'S FAIRNESS HEARING** ................................................................................**13**

    **22. When and where will the Court decide whether to approve the Settlement?**
    **23. Do I have to come to the Fairness Hearing?**
    **24. May I speak at the hearing?**

**IF I DO NOTHING** ................................................................................................**14**

    **25. What happens if I do nothing at all?**

**GETTING MORE INFORMTION** ................................................................................**14**

    **26. Are more details about the Settlement Available?**
    **27. How do I get more information?**

# BASIC INFORMATION

## 1. Why did I get this notice?

You received this notice because you have been identified as a person whose PII may have been impacted as a result of a Data Security Incident. Similarly situated individuals brought a proposed class action lawsuit against Defendants in 2023, alleging Defendants were negligent due to their data security practices. Defendants denied the allegations and denied they would be found liable. The Parties have now reached a proposed settlement of the lawsuit.

A court authorized this notice because you have a right to know about your rights under the proposed class action Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the payments the Settlement allows, and the pending legal claims against Defendants will be released and dismissed.

This package explains the Action, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them. The case is *In re Overby-Seawell Company Customer Data Security Breach Litigation*, Case No. 1:23-md-03056-SDG, currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division. The Honorable Steven D. Grimberg, United States District Court Judge, is in charge of this Action.

## 2. What is this lawsuit about?

This matter is a putative class action (the "Action") arising from a Data Security Incident in which cybercriminals allegedly gained unauthorized access to OSC's computer systems, potentially impacting the PII of certain current and former customers of KeyBank and Fulton Bank, N.A., and of other persons identified by Defendants. Defendants are banks or financial services entities that, in the course of their business, may have received PII of Settlement Class Members. The lawsuit asserts common law and statutory claims against Defendants for alleged negligent data security practices, alleged breach of contract, statutory claims, and declaratory judgment.

Defendants deny any allegations of wrongdoing and deny Plaintiffs would prevail or be entitled to any relief should this matter proceed to be litigated. By entering into the Settlement, Defendants are not admitting that they did anything wrong.

## 3. What is a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "Settlement Class Members" or the "Settlement Class." One court resolves the issues for all Settlement Class Members, except for people who exclude themselves from the class. The persons who sued here (Mariann Archer, Mark Samsel, Tim Marlowe, Melissa Urciuoli, James Urciuoli, Patrick Reddy, Jacint "Jay" Pittman, Joseph John Turowski, Jr., Teresa Turowski, Melissa D. Kauffman, Lebertus Vanderwerff, Adrianne Khanolkar, Dhamendra "DK" Khanolkar, and Joynequa West) are called Plaintiffs. The entities they sued—OSC and KeyBank—are called Defendants.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and Settlement Class Members can obtain benefits or compensation. The Class Representatives and Class Counsel believe the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT?

### 5. Who is in the Settlement?

The Settlement Class is defined as: "all individuals whose Personal Information was impacted in the Data Security Incident."

There is also a Fulton Bank Settlement Subclass that is defined as "all Settlement Class Members who provided their Personal Information to Fulton Bank, N.A. and were notified their Personal Information may have been impacted as a result of a Data Security Incident discovered on or about July 5, 2022 by Overby-Seawell Company."

There are approximately XXXXX Class Members.

### 6. Are there exceptions to being included?

Yes, the following are not included in the Settlement Class: the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

### 7. What should I do if I am not sure whether I am included?

If you received mailed notice of this Settlement, you have been identified as a Settlement Class Member. If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Settlement Administrator at 1-XXX-XXX-XXXX or you can visit www.XXXXXX.com for more information.

## THE SETTLEMENT BENEFITS

### 8. What does the Settlement Provide?

Under the Settlement, a non-reversionary settlement fund in the amount of Six Million Dollars ($6,000,000.00) will be made available. These funds will be used to pay for all valid claims submitted by Settlement Class Members, class notice, administration costs, and attorneys' fees and costs.

### 9. What can I get from the Settlement?

Settlement Class Members may submit a claim for one or more of the following settlement benefits.

**FINANCIAL ACCOUNT MONITORING**: All Settlement Class Members can submit a claim for identity theft protection and credit monitoring services. This includes three (3) years of three-bureau coverage with at least $1,000,000 of fraud/identity theft insurance. These services will be available to all Settlement Class Members for a period of three years. Class Members will have 12 months to enroll after the Settlement is approved by the Court (meaning that a Class Member can enroll up to the end of the first year and receive coverage for the full three (3) years). You can submit a claim for Financial Account Monitoring in addition to a claim for monetary benefits.

**DOCUMENTED MONETARY LOSSES AND/OR LOST TIME:** Settlement Class Members may submit a claim for reimbursement of documented Monetary Losses fairly traceable to the Data Security Incident up to $6,000 per individual ("Monetary Losses"). Monetary Losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Security Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. **You must provide proper documentation to make a successful claim for Monetary Losses.**

Settlement Class Members with time spent remedying issues related to the Data Security Incident can submit a claim for reimbursement of $25 per hour. Claims made for Lost Time are subject to a five (5) hour cap and can be combined with reimbursement for Monetary Losses subject to the $6,000 aggregate individual cap. No documentation other than an attestation shall be required for members of the Settlement Class to receive compensation for Lost Time.

Claims for Monetary Losses and Lost Time are subject to a pro rata decrease depending upon the number of claims submitted and approved.

**ALTERNATIVE *PRO RATA* CASH PAYMENT**. As an alternative to submitting a claim for reimbursement of Monetary Losses and/or Lost Time, Settlement Class Members may submit a claim for a cash payment. The amount of the Alternative *Pro Rata* Cash Payment will depend on the amount of money remaining in the Settlement Fund following payments for Monetary Losses and Lost Time, California Statutory Payments, attorneys' fees, and other administrative expenses and costs .

**IF YOU SELECT THIS CASH BENEFIT, YOU MAY NOT CLAIM MONETARY LOSSES OR LOST TIME.**

**CALIFORNIA STATUTORY PAYMENT:** Settlement Class Members who were residents of California from May 26, 2022 to the end of the claims period ("California Settlement Class Members") can submit a claim for payment of $100 for their statutory claims under the California Consumer Privacy Act ("California Statutory Payment"). The California Statutory Payment is an additional settlement benefit made available to California Settlement Class Members that is in addition to either reimbursement of claims for Monetary Losses and/or Lost Time or the Alternative *Pro Rata* Cash Payment and is subject to a *pro rata* decrease depending upon the number of claims submitted and approved.

**DEBIT FOR FULTON BANK SUBCLASS MEMBERS**: All Fulton Bank Subclass Members who participated in the Fulton Bank Settlement will still be eligible to submit a claim in this Settlement. Any monetary amounts received by the Fulton Bank Subclass Members from the Fulton Bank Settlement shall reduce the benefits due to Fulton Bank Class Members in this Settlement. Also, Fulton Bank Subclass Members who claimed and were approved to receive Reimbursement of Monetary Losses and/or Lost Time in the Fulton Bank Settlement are not eligible for an Alternative *Pro Rata* Cash Payment in this Settlement, as the Alternative *Pro Rata* Cash Payment may only be selected in lieu of reimbursement for Monetary Losses and/or Lost Time..

| 10. What am I giving up if I stay in the Class? |
| --- |

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will give up your right to sue, continue to sue, or be part of any other lawsuit against Defendants or other released parties concerning the claims released by this Settlement. The Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The entire text of the Settlement Agreement can be viewed at www.XXXXXXXXXX.com.

## How to Get a Payment – Submitting A Claim

| 11. How can I get a payment? |
| --- |

You must complete and submit a Claim Form by [DATE]. Claim Forms may be submitted online at www.XXXX.com or printed from the website and mailed to the address on the form.  If you are only claiming Financial Account Monitoring or the Alternative *Pro Rata* Cash Payment, you may use the tear-off claim form attached to the postcard notice mailed to you.  However, if you wish to receive an electronic payment for the Alternative *Pro Rata* Cash Payment, you should submit a Claim Form online.

Be sure to read the Claim Form instructions carefully, provide all required information, and provide your signature.

The Settlement Administrator will review your claim to determine the validity and amount of your payment.

This is a closed class.  The benefits are available only to Settlement Class Members with a unique ID.  All claims submitted by non-Settlement Class Members will be rejected.

| 12. How much will my payment be? |
| --- |

The amount of your payment will depend on the approved amount of your claim and the total value of all approved claims. It is anticipated that the Settlement Fund will be sufficient to provide cash payments to all Settlement Class Members who submit eligible claims.  However, the amount of your payment may be reduced on a *pro rata* basis depending on the number of claims submitted.

If you are claiming Monetary Losses under the Settlement, you must provide supporting information, including a description of the loss, the amount of any out-of-pocket expenses you incurred, and details about when and why you incurred the expense and proof of payment. If your

claim is for expenses related to a credit freeze, credit monitoring, identity theft protection, similar services, or other expenditure, you must also attest that you incurred those losses in response to the Data Security Incident in this case.

Your Monetary Loss claim must be reasonably documented—you must enclose or upload documentation sufficient to show (a) the amount of unreimbursed loss that you suffered, and (b) why you believe that the loss is reasonably attributable to the Data Security Incident. Documentation for financial expenses may include credit card or bank statements, emails, invoices, receipts, or telephone records, including photographs of the same. Personal statements or declarations are not considered reasonable documentation, but they may be used to provide clarification, context, or support for other documentation.

To claim reimbursement for Lost Time, you must simply attest that you spent the claimed amount of time dealing with the effects of the Data Security Incident.

## 13. When will I get my payment?

The Court will hold a hearing on [DATE], to decide whether to approve the Settlement. Payments will be made after the Settlement is approved and becomes final (meaning there is no appeal from the order approving the Settlement). Updates regarding the Settlement will be posted on the Settlement website, www.XXXX.com.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

MaryBeth V. Gibson, Gibson Consumer Law Group, LLC and M. Anderson Berry, Clayeo C. Arnold, A Professional Corporation, represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for their services.

## 15. Should I get my own lawyer?

If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

## 16. How will the lawyers be paid?

The attorneys representing the Settlement Class have not yet received any payment for their legal services or any reimbursement for the costs or out-of-pocket expenses they have incurred. Class Counsel plans to ask the Court to award attorneys' fees from the Settlement Fund, not to exceed one third of the Settlement Fund (i.e. not more than $2,000,000). Class Counsel also may petition the Court for their out-of-pocket costs and expenses, not to exceed $150,000.

The Settlement Class is represented by the Plaintiffs named above, who have been designated as the "Class Representatives." Class Representatives may submit a claim for benefits like all other Class Members, but are not receiving any other compensation for the efforts they have expended on behalf of the Settlement Class.

The Court will determine whether to approve the amount of fees and costs and expenses requested by Class Counsel. Class Counsel will file an application for fees and expenses no later than [DATE]. The application will be available on the Settlement Website, www.XXXXX.com, or you can request a copy by contacting the Settlement Administrator.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 17. How do I get out of the Settlement?

If you are a Settlement Class Member and you do not want the benefits from the Settlement, and you want to keep your right, if any, to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement Class.

You may opt out of the Settlement by [DATE]. To opt out, you must send a letter or postcard via U.S. mail to the address below that contains the following information:

- Your full name, address, telephone number, and signature;

- The words "Request for Exclusion" at the top of the document or a clear statement of your intent to be excluded from the Settlement Class and Settlement; and

- The name of this Action, or a decipherable approximation (*In re Overby-Seawell Company Customer Data Security Breach Litigation*, Case No. 1:23-md-03056-SDG).

You must mail your opt-out request via First-Class postage prepaid U.S. Mail, postmarked no later than [DATE] to:

*Overby-Seawell Settlement Administrator*
P.O. Box XXXX
XXXXXX

If you fail to include the required information, your request will be deemed invalid and you will remain a Settlement Class Member and be bound by the Settlement, including releasing all applicable claims against Defendants. You will not be able to sue, continue to sue, or be part of any other lawsuit against Defendants and related parties about the legal issues in this case, resolved by this Settlement, and released by the Settlement Agreement.

### 18. If I am a Settlement Class Member and don't opt out, can I sue the Defendants for the same thing later?

No. You must opt out of the Settlement to keep your right to sue Defendants or other released parties for any of the claims resolved by the Settlement.

## 19. What happens if I opt out?

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class. You will not receive a payment as part of the Settlement. You will not be bound by the Settlement, releases, or by any further orders or judgments in this case. You will keep the right, if any, to sue on the claims alleged in the case at your own expense.

In addition, if you opt out of the Settlement, you cannot object to the Settlement because the Settlement no longer affects you. If you object to the Settlement <u>and</u> request to exclude yourself, your objection will be voided and you will be deemed to have excluded yourself.

# COMMENTING ON OR OBJECTING TO THE SETTLEMENT

## 20. How do I tell the Court if I don't like the Settlement?

If you are a Settlement Class Member and you do not opt out of the Settlement, you can still object to the Settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. You can't ask the Court to change or order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to any part of the proposed Settlement in writing. You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All notices of an intent to object to the Class Settlement Agreement must be written and should include all of the following:

      a)      Your full name, address, and telephone number;

      b)      Your original signature;

      c)      A statement that you object to the Settlement in whole or in part;

      d)      A statement of the legal and factual basis for the Objection; and

      e)      Copies of any documents that you wish to submit in support of your position.

If you Object, you have the right, but are not required to, attend the Fairness Hearing. If an objecting Settlement Class Member intends to appear at the Fairness Hearing, either with or

without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendants' Counsel by the Objection Deadline.

Completed objections must be submitted via postal mail to the Settlement Administrator at the following address and must be postmarked no later than [**DATE**].

*Overby-Seawell Settlement Administrator*
P.O. Box XXXX
XXXXX

Objections must also be filed with the Court, either by postal mail to the following address, or by utilizing the Court's Electronic Case Filing System (CM/ECF). Objections must be postmarked or filed with the Court no later than [**DATE**].

Clerk of the Court
United States District Court,
75 Ted Turner Driver SW
Atlanta, Georgia 30303-3309

### 21. What's the difference between objecting and opting out?

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you are a Settlement Class Member and do not opt out of the Settlement. Opting out of the Settlement is telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it does not affect you.

## THE COURT'S FAIRNESS HEARING

### 22. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing (also called the Fairness Hearing) at [Date and Time], at the United States Courthouse located at 75 Ted Turner Driver SW, Atlanta, Georgia 30303-3309 before Judge Steven D. Grimberg. At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will consider whether to approve Class Counsel's application for attorneys' fees, costs, and expenses. If there are objections, the Court will consider them. The Court may choose to hear from people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to the Settlement Class Members. Be sure to check the website, www.XXXXXXXXXX.com for updates.

Class Counsel will file a motion for final approval of the Settlement by [DATE]. Objectors, if any, may, but are not required to, file a response to Class Counsel's motion by [DATE]. Responses to

any objections and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses will be filed by ==[DATE].==

## 23. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed or filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you should include a statement in your written objection (*see* Question 20) that you intend to appear at the Hearing. Be sure to include your name, address, and signature as well. Notwithstanding the foregoing, it is in the judge's discretion to let you speak at the Fairness Hearing. You cannot speak at the Hearing if you opt out or exclude yourself from the Class.

# IF I DO NOTHING

## 25. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you will not get any money from this Settlement, and you will not be able to sue Defendants or other released parties for the claims released by the Settlement Agreement.

# GETTING MORE INFORMATION

## 26. Are more details about the Settlement available?

This notice summarizes the proposed Settlement—more details are in the Settlement Agreement and other case documents available:

- at ==www.XXXXXX.com==;

- by reviewing the case docket and filings online at CM/ECF-GA Northern District Court (uscourts.gov); or

- by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of Georgia, 75 Ted Turner Driver SW, Atlanta, Georgia 30303-3309 between 8:00 a.m. and 4:45 p.m., Monday through Friday, excluding Court holidays.

## 27. How do I get more information?

Visit the website, ==www.XXXXXXXXX.com,== where you will find more information, including the Claim Form, a copy of the Settlement Agreement, and answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

Contact the Settlement Administrator, [ADMINISTRATOR NAME], at 1-XXX-XXX-XXXX or by writing to Attn: Overby-Seawell Settlement at:

*Overby-Seawell Settlement Administrator*
P.O. Box XXXX
XXXXXXXXXXXX

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANTS TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT C

LEGAL NOTICE

# You may be entitled to benefits from a class action settlement.

*A federal district court authorized this Summary Notice.*

# (8XX) XXX-XXXX
**www.xxxxxxxxxx.com**

*Overby-Seawell Settlement Administrator*
P.O. Box XXXX
City, State ZIP-XXXX

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

«ClassMemberID»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

A $6,000,000 settlement has been proposed in a class action lawsuit captioned *In re Overby-Seawell Company Customer Data Security Breach Litigation*, Case No. 1:23-md-03056-SDG (N.D. Ga), relating to the potential unauthorized access of Personal Information ("PII"), by an unauthorized third party ("Data Security Incident") that was discovered by Defendant Overby-Seawell Company ("OSC") on or about July 5, 2022. OSC and Defendant, KeyBank National Association (together "Defendants") deny all liability.

**Who is included?** Defendants' records indicate that you are included in the Settlement. The Settlement Class includes all individuals whose PII was compromised in the Data Security Incident . The Settlement Class includes a "Fulton Bank Settlement Subclass" consisting of all Settlement Class Members who provided their PII to Fulton Bank, N.A. and were notified that their PII may have been impacted as a result of a Data Security Incident discovered on or about July 5, 2022 by OSC.

**What does the settlement provide?** The settlement provides Settlement Class and Fulton Bank Settlement Subclass Members with the right to claim 3 years of credit monitoring. In addition, Settlement Class Members may choose to claim (1) reimbursement of documented Monetary Losses (up to $6000) and/or compensation for Lost Time (up to 5 hours at $25 per hour) **or** (2) an Alternative *Pro Rata* Cash Payment in lieu of reimbursement for Monetary Losses and Lost Time. California residents from May 26, 2022 to the end of the claims period may claim an additional $100. Class Members who previously received benefits from the Fulton Bank Settlement will have those benefits deducted from their valid and approved claims in this Settlement, to equalize the benefits available to all Class Members. Fulton Bank Settlement Subclass Members who received payments for monetary losses and/or lost time in the Fulton Bank Settlement are not eligible for an Alternative *Pro Rata* Cash Payment in this Settlement.

**How do I get benefits?** You must complete and submit a Claim Form by XXXX, 2024. Claim Forms are available and may be filed online at **www.xxxxxxxxxx.com**. Claim Forms may also be printed from the website or requested by calling the Settlement Administrator and submitted by mail postmarked by XXXX, 2024.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by XXXX, 2024. Unless you exclude yourself from the Settlement, you will not be able to sue Defendants or their related parties for any claim released by the Settlement Agreement. Even if you do not exclude yourself, you may still object to the Settlement in writing. Objections are due XXXX 2024.

**The Court's Fairness Hearing.** The Court will hold a Final Fairness Hearing in this case on **XXXX, 2024, at X:X0 X.m**. at the U.S. District Court in Atlanta. GA. At this hearing, the Court will decide whether to approve: (1) the Settlement and (2) Settlement Class Counsel's request for up to $2,000,000 in attorneys' fees and reimbursement of costs up to $150,000. The Court will also consider any objections. You may appear at the hearing, but you are not required to do so. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

This is a summary notice. For more information, visit www.XXXXXXX.com or call (8XX) XXX-XXXX.



EXHIBIT D

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| In re Overby-Seawell Company Customer Data Security Breach Litigation | Case No. 1:23-md-03056-SDG |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 134)** (the "Motion"), the terms of which are set forth in a Settlement Agreement and Release ("Settlement Agreement")[1] between Plaintiffs and Defendants Overby-Seawell Company ("OSC") and KeyBank National Association ("KeyBank," together with OSC "Defendants," and together with Plaintiffs, the "Parties"). The Settlement Agreement with accompanying exhibits is attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion.

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals whose Personal Information was impacted by the Data Security Incident.

The Settlement Agreement further provides for a Fulton Bank Settlement Subclass defined as:

> All Settlement Class Members who provided their Personal Information to Fulton Bank and were notified that their Personal Information may have been impacted as a result of a Data Security Incident discovered on or about July 5, 2022 by Overby-Seawell Company.

Specifically excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise

from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.    **Settlement Class Representatives and Settlement Class Counsel**.

The Court finds that Plaintiffs Mariann Archer, Mark Samsel, Tim Marlowe, Melissa Urciuoli, James Urciuoli, Patrick Reddy, Jacint "Jay" Pittman, Joseph John Turowski, Jr., Teresa Turowski, Mlissa D. Kauffman, Lebertus Vanderwerff, Adrianne Khanolkar, Dhamendra "DK" Khanolkar, and Joynequa West will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that MaryBeth V. Gibson, Gibson Consumer Law Group, LLC and M. Anderson Berry, Clayeo C. Arnold, A Professional Corporation will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arm's-length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, whether the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 2024, at Courtroom 1706, United States District Court, 75 Ted Turner Drive SW Atlanta, Georgia 30303-3309, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally

approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; and (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h).

6.      **Settlement Administrator**. The Court appoints KCC Class Action Services LLC as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under

the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Georgia Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit

written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must (i) state a full name, address, and telephone number; (ii) contain the Settlement Class Member's signature; and (iii) state the Settlement Class Member's intent to be excluded from the Settlement Class and Settlement. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11. **<u>Objections and Appearances</u>**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by

the Objection Date and as stated in the Notice. The Long Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Long Notice, and to file their Objection with this Court. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and (i) set forth the Settlement Class Member's full name, current address, telephone number; (ii) contain the Settlement Class Member's original signature; (iii) state that the Settlement Class Member objects to the Settlement in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection; and (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendants' Counsel by the Objection Deadline.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear

separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.    **Claims Process**. Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such

benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or

against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.     **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| | |
|---|---|
| **<u>Grant of Preliminary Approval</u>** | |
| Defendants provide lists of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Settlement Website Established | No later than 34 days after Preliminary Approval |
| Notice Date | 37 days after Preliminary Approval. |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| **<u>Final Approval Hearing</u>** | 150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |

SO ORDERED THIS _____ DAY OF _____, 2024.


_____
Hon. Steven D. Grimberg
United States District Court Judge