# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In Re: Overby-Seawell Company Customer Data Security Breach Litigation | Case No. 1:23-md-03056-SDG |

## RESPONSE IN OPPOSITION TO
## <u>MOTION FOR SETTLEMENT (ECF NO. 134)</u>

Undersigned counsel, appointed as Class Counsel in connection with the Fulton Bank Settlement (granted final approval on September 8, 2023), submit this Response in Opposition to Plaintiffs Mariann Archer, Mark Samsel, Tim Marlowe, Melissa Urciuoli, James Urciuoli, Patrick Reddy, Jacint "Jay" Pittman, Joseph John Turowski, Jr., Teresa Turowski, Melissa D. Kauffman, Lebertus Vanderwerff, Adrianne, Khanolkar, Dhamendra "DK" Khanolkar, and Joynequa West's (collectively, "Plaintiffs")[1] Motion for Preliminary Approval of Class Action Settlement and Preliminary Certification of Settlement Class (the "Motion"). The Proposed Settlement should not be granted preliminary approval because it does not treat members of the Fulton Bank Subclass equitably relative to other members of the class.

---

[1] All but one of Plaintiffs were KeyBank customers who asserted claims against KeyBank and OSC. *See* Consolidated Amended Complaint, ECF No. 90, ¶ 56. ("Plaintiff West is a customer of Fulton Bank").

## I.  FACTUAL BACKGROUND

On September 8, 2023, the Court granted final approval of a settlement reached on behalf of a class including "[a]ll persons who provided their personal data to Fulton Bank, N.A. and were notified that their personal data may have been impacted as a result of Overby-Seawell Company's cybersecurity incident that it discovered on or about July 5, 2022" ("Fulton Bank Class"). Final Approval Order, ECF No. 106, ¶ 5. This settlement resolved only claims of members of the Fulton Bank Class against Defendant Fulton Bank and did not release claims against Overby-Seawell Company ("OSC"). *Id.* ¶ 18.

On April 10, 2024, Plaintiffs filed a motion for preliminary approval of a settlement that would release all claims of all class members against: OSC, Breckenridge IS, Inc., Breckenridge Insurance Group, Inc., Breckenridge Insurance Services, LLC, Steamboat Opportunity Partners, LLC, Steamboat IS, Inc., KeyBank, Fulton Bank, and any other entity which provided Class Members' PII to OSC. Settlement Agreement and Release ("SA"), ECF No. 134-1, at 36.

All settlement consideration for the Proposed Settlement will be paid by OSC's insurers. SA 44.

The Proposed Settlement includes a Fulton Bank Subclass defined as:

> All Settlement Class Members who provided their Personal Information to Fulton Bank and were notified that their Personal

Information may have been impacted as a result of a Data Security Incident discovered on or about July 5, 2022 by Overby-Seawell Company.

SA 41.

Under the Proposed Settlement, members of the Fulton Bank Subclass would not qualify for the same relief as other Settlement Class Members. Instead, any payments already received pursuant to the prior settlement between the Fulton Bank would reduce the amounts that Fulton Bank Subclass members receive pursuant to the Proposed Settlement. SA 59. In the event of a high participation rate in the Proposed Settlement, Fulton Bank Subclass members who selected alternative cash payments in both settlements may receive nothing from the Proposed Settlement. Additionally, Fulton Bank Subclass members who filed a claim for reimbursement or lost time in the prior settlement are not eligible to claim Alternative *Pro Rata* Cash Payments pursuant to the Proposed Settlement. *Id.* It is unlikely that such individuals will qualify for any monetary benefit under the Proposed Settlement at all.

Undersigned counsel participated in a conference with certain of counsel for Plaintiffs on April 12, 2024. Unfortunately, these discussions did not result in reaching resolution on this issue.

## II.  LEGAL STANDARD

"Judicial review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 67832, at *5 (S.D. Fla. June 15, 2010). "In the first step of the process, a court should make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Id.* at *5–*6. A proposed settlement must treat all class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D); *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1093 (11th Cir. 2023). "One sign that a settlement may not be fair is that some segments of the class are treated differently from others." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 808 (3d Cir. 1995).

## III.  ARGUMENT

### A. The Proposed Settlement Does Not Treat Members of The Fulton Bank Subclass Equitably Relative to Other Class Members.

The Proposed Settlement's treatment of members of the Fulton Bank Subclass effectively deprives them of the benefit of the Fulton Bank settlement reached on their behalf and disproportionately allocates settlement funds contributed by OSC to

other Settlement Class Members. SA 59. This inequitable treatment is not justified by Plaintiffs' Motion and is unjustifiable.[2]

The Fulton Bank Settlement provided a partial recovery for the Fulton Bank Class and included only a partial release. It preserved the valuable claims the Fulton Bank Class had against OSC. *See, e.g.*, Final Approval Order, ECF No. 106, ¶ 5; Settlement Agreement, ECF No. 48-2, ¶¶ 10(ff) ("Released Persons does not include OSC . . ."), 88 (release does not include release of claims against OSC or related persons or entities). The fact that other Settlement Class Members were not able to reach similarly advantageous settlements with other parties who may be liable to them does not mean that they are entitled to have OSC 'make up the difference' to them at the cost of the Fulton Bank Subclass. No facts introduced by Plaintiffs suggest that the liability of OSC to the Fulton Bank Subclass differs in any material respect as compared to other class members.

The Proposed Settlement does not treat members of the Fulton Bank Subclass equitably relative to other class members and approval should be denied on this basis.

---

[2] Undersigned counsel would not contest an allocation that would prevent Fulton Bank Subclass members from receiving a double recovery for reimbursements of monetary losses.

**B. The Fulton Bank Subclass Was Not Adequately Represented.**

Plaintiffs fail to identify any plaintiff serving as class representative for the Fulton Bank Subclass or any counsel serving as counsel for the Fulton Bank Subclass. This defect forecloses approval of the Proposed Settlement. To satisfy Rule 23(a)(4)'s adequacy of representation requirement, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). "Courts frequently deny certification of subclasses in the absence of a named representative for each subclass." *Bond v. Antero Res. Corp.*, 328 F.R.D. 187, 197 (S.D. Ohio 2018) (collecting cases); *Sueoka v. United States*, 101 F. App'x 649, 654 (9th Cir. 2004) ("Certification of a subclass fails where a subclass representative is not a member of the subclass he or she seeks to represent."). For example, the Middle District of Florida has refused to certify a subclass where the proposed class representative was not a member of the subclass. *See Baez v. LTD Fin. Servs., L.P.*, No. 6:15-cv-1043-Orl-40TBS, 2016 U.S. Dist. LEXIS 74788, at *18 (M.D. Fla. June 8, 2016).

In *Ferrington v. McAffee, Inc.*, the Northern District of California assessed a class settlement resolving claims on behalf of "two distinct subclasses" composed of persons who either did or did not download software offered by the defendants.

*See* No. 10-CV-01455-LHK, 2012 U.S. Dist. LEXIS 49160, at *18 (N.D. Cal. Apr. 6, 2012). The class representatives were "all members of the subclass who did not download the" software at issue. *Id.* at *20. The court denied the settlement final approval because "no class representatives have been appointed to represent the interests of the downloader subclass whose claims are released as a result of this settlement agreement" and "counsel has not been assigned to represent the interests of this subclass." *Id.* at *21. Since, as here, the subclasses had conflicting interests, "the Court [could not] say that the interests of all class members have been adequately represented by the named plaintiffs and class counsel in negotiating the terms of the settlement agreement." *Id.* at *21–22.

While one of Plaintiffs is an apparent member of the Fulton Bank Subclass, the failure to designate this plaintiff as representative for the Fulton Bank Subclass brings into question whether this plaintiff understood her role as the only representative of the Fulton Bank Subclass and their interests. Further, the failure to seek appointment of separate counsel for the Fulton Bank Subclass when the proposed allocation scheme poses an obvious conflict between the classes demonstrates the inadequacy of representation by counsel.

## IV. CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that the Court deny Plaintiffs' Motion for Preliminary Approval.


Dated: April 24, 2024

Respectfully submitted,

/s/ *Ben Barnow*
Ben Barnow*
Anthony L. Parkhill*
Riley W. Prince*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: 312.621.2000
Fax: 312.641.5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com
rprince@barnowlaw.com

*admitted pro hac vice*

*Class Counsel in Fulton Bank Settlement*

**LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), undersigned counsel certifies that the foregoing brief has been prepared using Times New Roman font, 14 point.

/s/ *Ben Barnow*
Ben Barnow

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served

upon all counsel of record via ECF electronic filing on April 24, 2024.


/s/ *Ben Barnow*
Ben Barnow