**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re Overby-Seawell Company Customer Data Security Breach Litigation | Case No. 1:23-md-03056-SDG |

**PRELIMINARY APPROVAL ORDER**

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement **(Doc. No. 134)** (the "Motion"), the terms of which are set forth in a Settlement Agreement and Release ("Settlement Agreement")[1] between Plaintiffs and Defendants Overby-Seawell Company ("OSC") and KeyBank National Association ("KeyBank," together with OSC "Defendants," and together with Plaintiffs, the "Parties"). The Settlement Agreement with accompanying exhibits is attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion. Class Counsel appointed in connection with the Fulton Bank Settlement filed an opposition to the Motion (Doc. No. 137).

---

[1]   All defined terms in this Order (the "Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Having fully considered the issue, and with the benefit of oral argument held on June 5, 2024 (Doc. No. 146), the Court **GRANTS** the Motion and **ORDERS** as follows:

1. <u>**Class Certification for Settlement Purposes Only**</u>. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals whose Personal Information was impacted by the Data Security Incident.

The Settlement Agreement further provides for a Fulton Bank Settlement Subclass defined as:

> All Settlement Class Members who provided their Personal Information to Fulton Bank and were notified that their Personal Information may have been impacted as a result of a Data Security Incident discovered on or about July 5, 2022 by Overby-Seawell Company.

Specifically excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because the Settlement Class meets all the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement

purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.      **Settlement Class Representatives and Settlement Class Counsel**.

The Court finds that Plaintiffs Mariann Archer, Mark Samsel, Tim Marlowe, Melissa Urciuoli, James Urciuoli, Patrick Reddy, Jacint "Jay" Pittman, Joseph John Turowski, Jr., Teresa Turowski, Melissa D. Kauffman, Lebertus Vanderwerff, Adrianne Khanolkar, Dhamendra "DK" Khanolkar, and Joynequa West will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that MaryBeth V. Gibson of Gibson Consumer Law Group, LLC and M. Anderson Berry of Clayeo C. Arnold A

Professional Corporation will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.    **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement; the specific risks faced by the Settlement Class in prevailing on their claims; the good faith, arm's-length negotiations between the Parties and absence of any collusion in the Settlement; the effectiveness of the proposed method for distributing relief to the Settlement Class; the proposed manner of allocating benefits to Settlement Class Members; whether the Settlement treats the Settlement Class Members equitably; and all of the other factors required by Rule 23 and relevant case law.

4.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held at **2:00 pm EST on Monday, December 9, 2024**, in Courtroom 1706, United States District Court, 75 Ted Turner Drive SW, Atlanta, Georgia 30303-3309, where the Court will determine, among other things, whether: (a) this Litigation should be

finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; and (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h). All counsel participating in the hearing shall appear in person; however, the following zoom link will be available for observational purposes only: https://ganduscourts.zoomgov.com/j/1618022178, Meeting ID: 161 802 2178, Passcode: 592453.

6.     **Settlement Administrator**. The Court appoints KCC Class Action Services LLC as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.     **Notice**. The proposed notice program set forth in the Settlement Agreement, and the Claim Form and the Notices attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material

5

modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.    **<u>Findings Concerning Notice</u>**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Georgia Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.    **Class Action Fairness Act Notice**. Within ten (10) days of filing of the Preliminary Approval Motion with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must (i) state a full name, address, and telephone number; (ii) contain the Settlement Class Member's signature; and (iii) state the Settlement Class Member's intent to be excluded from the Settlement Class and Settlement. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the

Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11.     **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Long Notice, and to file their Objection with this Court. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and (i) set forth the Settlement Class Member's full name, current address, telephone number; (ii) contain the Settlement Class Member's original signature; (iii) state that the Settlement Class Member objects to the Settlement in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection; and (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court, as well as serve notice on Class Counsel and Defendants' Counsel by the Objection Deadline.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving the Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.     **Claims Process**. Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.   **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date per the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the

Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.   **Use of Order**. If this Preliminary Approval Order becomes null and void because the Final Order and Judgment is not entered or there is no Effective Date per the terms of the Settlement Agreement, the Preliminary Approval Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.   **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.     **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | |
| --- | --- |
| Defendants provide lists of Settlement Class Members to the Settlement Administrator | 7 days after entry of the Preliminary Approval Order |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Settlement Website Established | No later than 34 days after entry of the Preliminary Approval Order |
| Notice Date | 37 days after entry of the Preliminary Approval Order |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |

| **<u>Final Approval Hearing</u>** | **December 9, 2024 at 2:00 pm EST** |
|---|---|
| Motion for Final Approval | 14 days before Final Approval Hearing Date |

SO ORDERED THIS <u>13th</u> day of <u>June</u> 2024.

Hon. Steven D. Grimberg
United States District Court Judge